# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

ST. LUKE'S SUBACUTE CARE
HOSPITAL, INC.; GUY ROLAND
SEATON,

                    *Defendants-Appellants.*

No. 04-10231

D.C. No.
CR-02-00044-MHP
Northern District
of California,
San Francisco

DISSENT

Filed March 2, 2007

## DISSENT

BEEZER, Circuit Judge, dissenting:

In a memorandum disposition filed on May 5, 2006, the unanimous panel assigned to this case says:

> Appellants were indicted on May 8, 2001. Count 1 —the conspiracy count—alleged that appellants inflated their cost reports and fabricated payroll reports, time-cards, and nursing schedules; submitted false cost reports for 1996, 1997, and 1998; created false nursing logs and schedules in preparation for a Medicare audit; and made false statements to auditors from Mutual of Omaha, a fiscal intermediary acting on behalf of the Medicare program, during its audit. Counts 2, 3 and 4—the false-claims counts— charged appellants with submitting false cost reports for 1996, 1997 and 1998. Counts 5 and 6 were related to the audit by Mutual of Omaha and charged appellants with making the false statement that 'cer-

2705

tain nurses worked 100% of their time on Medicare patients' (Count 5) and obstructing a federal audit by failing to furnish the actual nursing schedules necessary to assure proper payment by the Medicare program (Count 6).

A jury returned a guilty verdict on all counts, and the district court sentenced Seaton to 78 months' imprisonment and three years' supervised release, denying his request for release pending appeal. St. Luke's was placed on probation for five years.[1]

178 Fed. App'x 711, 713 (9th Cir. May 5, 2006) (unpublished disposition).

Through papers recently filed by the United States Attorney, we have been advised that the procedural history of this case is as follows:

On December 19, 2002, following a five-week trial, a federal jury convicted Seaton of six counts of Medicare fraud. The district court permitted Seaton to remain free on pretrial bail conditions.

On April 15, 2004, the district court held a sentencing hearing. At the conclusion of the hearing the court sentenced Seaton to 78 months imprisonment. The court further denied Seaton's request for bail pending appeal and ordered Seaton to self-surrender by August 14, 2004. When the court made its ruling, it observed: "[T]he case has been pending too long."

On August 9, 2004, the district court agreed to stay its order for Seaton to self-surrender, given the pendency of the Supreme Court's consideration of the constitutionality of the federal Sentencing Guidelines.

---

[1]Seaton was released on bail by order of a two-judge panel of this court on May 24, 2005.

On March 28, 2005, the district court held a hearing on Seaton's "renewed" motion for bail pending appeal. After considering the briefs and arguments, the court again denied Seaton's motion and ordered Seaton to self-surrender within 30 days. On April 11, 2005, the court issued a written order to the same effect.

On May 24, 2005, the Ninth Circuit granted Seaton's motion for release pending appeal.

On April 3, 2006, the Ninth Circuit heard oral argument on Seaton's appeal.

On May 5, 2006, the Ninth Circuit issued a written ruling affirming Seaton's conviction and sentence in their entireties.

On July 14, 2006, the Ninth Circuit denied Seaton's petitions for panel rehearing and for rehearing en banc.

On July 21, 2006, the Ninth Circuit granted Seaton's motion to stay the mandate 'until final disposition by the U.S. Supreme Court.'

On January 8, 2007, the Supreme Court denied Seaton's petition for a writ of certiorari. 127 S. Ct. 985 (2007).

After the mandate was issued on February 26, 2007, defendant moved to have this court vacate an order to surrender issued by the district court. Writing "in pro per," Seaton argues:

> Mrs. Seaton is suicidal. Mrs. Seaton's [sic] is in liver failure that puts her in precarious health and constant need of her husband as her caregiver and support person. Mr. Seaton's immediate incarceration with[out] [sic] arrangement for proper care and support, Mrs. Seaton would surely die. Mr. and Mrs. Seaton live alone. Mr. Seaton is 64 years old Mrs.

> Seaton is 67 years old. Their only source of income is their social security payments. Mrs. Seaton will lose the benefit of Mr. Seaton's Social Security benefits when Mr. Seaton is incarcerated. Mr. Seaton is the sole care giver to Mrs. Seaton. Mrs. Seaton is suffering from end-stage liver disease.

Neither Seaton nor his counsel have asked us to recall the mandate. The sole request pending before us is to set aside the order of the district court directing the defendant to surrender to the United States Marshal on or before February 28, 2007. This court recalled the mandate and granted defendant's request for relief on February 27, 2007.

In cases like this, the Supreme Court has directed us to refrain from recalling a mandate absent extraordinary circumstances. "In light of 'the profound interests in repose' attaching to the mandate of a court of appeals, however, the power can be exercised only in extraordinary circumstances. . . . The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (citation omitted); *see also Carrington v. United States*, 470 F.3d 920, 923 (9th Cir. 2006).

I write separately because this case does not present extraordinary circumstances or unforeseen contingencies to allow a recall of our mandate. The United States government has sustained monetary loss in the sum of $1.5 million to $2.5 million as a direct result of the defendant's criminal conduct. The judgment of conviction was entered in this case on June 9, 2004. Our memorandum disposition was filed on May 5, 2006. The Supreme Court denied defendant's petition for writ of certiorari on January 8, 2007. Throughout this entire period, Seaton has yet to spend a single day in custody. If any emergency circumstances exist they have not been created by the district court or the United States Attorney. Defendant has been given more than adequate time to attend to his

personal affairs and to make suitable arrangements for the care of Mrs. Seaton.

I am not able to join the court's order, which has not been designated for publication.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.